1  Steven L. Derby, Esq. (SBN 148372)
2  Celia McGuinness, Esq. (SBN 148372)
   DERBY McGUINNESS & GOLDSMITH LLP
   300 Lakeside Drive, Suite 1000
3  Oakland, CA  94612
   Telephone: (510) 987-8778
4  Facsimile: (510) 359-4419
   Email: info@dmglawfirm.com
5
   Attorney for Plaintiff
6  ELMER FLOYD KEMP

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9

10  ELMER FLOYD KEMP                          | CASE NO.

11                            Plaintiff,       | Civil Rights
          v.
12                                            | **COMPLAINT FOR INJUNCTIVE RELIEF**
    NATIONAL COMMISSION FOR                    | **AND DAMAGES**
13  CERTIFICATION OF CRANE
    OPERATORS, INC. and DOES                   | 1.  **Violation of the Americans with Disabilities**
14  1-100                                      |     **Act Title III [42 U.S.C. § 12182(a),** *et seq.*]
                          Defendants.          | 2.  **Denial of Full and Equal Access [Cal. Civil**
15                                            |     **Code §§ 54 And 54.1]**
16                                            | 3.  **Violation of the Unruh Act [Cal. Civil Code**
                                              |     **§ 51]**
17                                            | 4.  **Negligence Per Se –Violation of ADA**

18                                            | DEMAND FOR JURY TRIAL

19

20

21          Plaintiff ELMER FLOYD KEMP (hereinafter referred to as "Plaintiff") complains of

22  Defendant NATIONAL COMMISSION FOR CERTIFICATION OF CRANE OPERATORS,

23  INC. ("NCCCO" or "Defendant") and alleges as follows:

24

25                               **INTRODUCTION**

26          1.      This case involves the denial of reasonable accommodations in testing for

27  vocational certification and licensing to Plaintiff by Defendants. Specifically, Plaintiff requested

28  testing accommodations to accommodate his dyslexia, including having a "reader" read the test to

                                            1

1    him, so he could take and pass a crane operator certification which would renew his qualification

2    to operate certain crane equipment for his employer Pacific Gas & Electric Company (PG & E).

3    Defendant denied the request. Both PG&E and Plaintiff repeatedly asked Defendant for this

4    accommodation, but Defendant adamantly refused. After pressure from PG & E's lawyers and

5    after forcing Plaintiff to expend time and money "re-verifying" his permanent disability,

6    Defendant finally agreed to provide the requested accommodations almost a year after Plaintiff's

7    request. Plaintiff had passed the certification previously with a reader provided by another crane

8    certification company but when it came to pass the test by Defendant, Defendant failed to provide

9    a reader as requested and agreed. As a result, Plaintiff failed the test and is still as of now not

10   certified causing him to lose wages and benefits in excess of $80,000 per year.

11        2.    At all times herein mentioned, Plaintiff was and is a "person with a disability" or

12   "physically handicapped person," who is diagnosed with dyslexia. Plaintiff's condition is

13   permanent ad significantly affects his ability to read, digest and interpret written material.

14   Plaintiff is and at all times relevant was a resident of the State of California.

15        3.    Based upon a review of public records, Defendant is a non-profit corporation with

16   its principle place of business in Fairfax, Virginia.

17        4.    Plaintiff seeks injunctive relief compelling Defendants to provide him with the

18   testing accommodations which he and his employer requested in November of 2018 and which

19   now have been agreed to but not provided. Plaintiff also seeks recovery of treble actual damages

20   for lost wages, salary and benefits due to the lapse in his certification to operate cranes, the

21   violation of his civil rights, and recovery of reasonable attorney fees, litigation expenses, and

22   costs.

23                              **JURISDICTION AND VENUE**

24        5.    This Court has subject matter jurisdiction of this action, pursuant to:  (a) 28 USC

25   section 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter, the

26   "ADA"), 42 U.S.C. sections 12101 *et seq.*; (b) 28 U.S.C. section 1343(3) and (c) 28 U.S.C.

27   section 1367(a) for supplemental jurisdiction over attendant and related causes of action arising

28   from the same nucleus of facts and brought under California law, including, but not limited to,

violations of California Civil Code sections 51, 54, 54.1 and common law negligence.  This court also has jurisdiction over Plaintiff's claims for declaratory or injunctive relief, pursuant to the ADA, 28 U.S.C. section 2202 and Rule 65 of the Federal Rules of Civil Procedure, and State law authorizing injunctive relief.

6.      This court also has diversity jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) because Plaintiff and Defendant are citizens of different states and because the amount in controversy in this matter exceeds $75,000.

7.      Venue is proper in this court, pursuant to 28 U.S.C. section 1391(b)(2) and 28 U.S.C.  section 1391(b) (2) because a substantial part of the acts or omissions giving rise to this action occurred within this Judicial District.

8.      This complaint is pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

**FACTUAL BASIS FOR COMPLAINT AGAINST ALL DEFENDANTS**

9.      Under requirements of California's Occupational Safety and Health Administration, an individual must undergo periodic re-certification every five years to operate heavy-duty cranes like the ones Plaintiff operates for his employer PG & E.

10.      PG & E previously fired Defendant as its re-certification vendor in 2012 due, in part, to its refusal to grant reasonable accommodations to Plaintiff – a long-time and valuable employee who suffers from dyslexia.

11.      According to the Mayo Clinic, dyslexia is a learning disorder that involves difficulty in reading due to problems identifying speech sounds and learning how they relate to letters and words (decoding). There is no cure for dyslexia. https://www.mayoclinic.org/diseases-conditions/dyslexia/symptoms-causes/syc-20353552 (lasted visited June 19, 2020)

12.      After its previous re-certification vendor lost its accreditation, PG & E re-hired Defendant as its official certification testing vendor for certifying their crane operators in or around November of 2018.

3

13.     On or about November 28, 2018, Plaintiff filled out and PG & E submitted to Defendant a written request for disability accommodations so that Plaintiff could be re-certified to operate various types of heavy-duty cranes. The request included medical documentation of Plaintiff's life-long dyslexia disability and sought accommodations for (1) additional time (2) a reader to read the test questions and a recorder to write down Plaintiff's answers to the questions. These accommodations had previously been approved by PG & E, and by another testing certification vendor between 2012 and 2018. With these accommodations, Plaintiff passed his re-certification test.

14.     On or about December 13, 2018, Defendant issued a letter denying Plaintiff's request in full. The letter acknowledged receipt of Plaintiff's written request and supporting materials but stated that the same documentation used to obtain accommodations from another testing vendor accepted was somehow "insufficient." In order to grant the accommodations, the letter stated, Plaintiff would be required to undergo a repeat diagnostic test of his life-long dyslexia and provide "objective evidence" of his "current degree of functional limitations" in reading.

15.     As a result, Plaintiff could not be tested and therefore could not be re-certified to operate some of PG & E's equipment.

16.     Over the next nine (9) months, both Plaintiff and PG & E attempted to satisfy Defendant's unreasonable requests. These efforts included a lawyer from PG &E sending Defendant a "legal notice" which stated their requests were unreasonable and unnecessary, and Plaintiff enrolling in community college for one class so he could get re-tested for dyslexia.  The retesting naturally revealed that his life-long incurable condition still existed. For months, PG & E tried in vain to get Defendant to even respond to their emails.

17.     On September 10, 2019, Defendant finally agreed to provide the requested accommodations. Plaintiff was then scheduled for a re-certification test at PG&E Academy in Livermore, California on December 11, 2019.

18.     Plaintiff came to PG&E Academy in Hayward, California prepared for his test on December 11, 2019. Defendant, however, had not made arrangements for a reader. An individual

1  who was not a designated reader and who spoke with a heavy accent attempted to "read" for

2  Plaintiff, but Plaintiff could not understand and failed the test.

3      19.      As of the time this complaint is filed, Plaintiff still has not been re-certified to

4  operate cranes and continues to lose income of at least $80,000 per year.

5

6                              **FIRST CLAIM**
                              **AGAINST DEFENDANTS**
7  **(Discriminatory Practices in Testing and Certification; Violation of the Americans with**
                              **Disabilities Act of 1990)**
8

9      20.      Plaintiff re-pleads and incorporates herein by reference the allegations set forth

10 above.

11     21.      Defendant offers examinations and courses related to licensing, certification and

12 credentialing for professional or trade purposes. Specifically, Defendant provides certification

13 of crane operators such as Plaintiff under contract with PG&E.

14     22.      Plaintiff's dyslexia substantially limits one or more major life activities;

15 including reading and understanding written communications. Plaintiff cannot perform the

16 above-noted major life activities in the manner, speed and duration when compared to the

17 average person.  Moreover, Plaintiff has a history of or has been diagnosed and/or classified as

18 having a physical impairment as required by 42 U.S.C. section 12102(2)(A).

19     23.      Defendant has violated and continues to violate the Americans with Disabilities

20 Act (ADA) Title III and specifically 42 U.S.C. 12189 by, including but not limited to, failing to

21 offer such courses in a "place and manner" accessible to disabled persons such as Plaintiff.

22 Therefore, Plaintiff was denied his right to an equal opportunity to take and pass a legally-

23 obligated trade certification test, in violation of the ADA. Specifically, Defendant's policy of

24 requiring re-verification of permanent disabilities such as dyslexia imposes unreasonable

25 restrictions on the rights of persons with permanent disabilities such as Plaintiff who seek

26 testing accommodations for legally-required certifications necessary for them to earn a living

27 and do their job. Defendant also has inadequate policies and procedures and inadequate training

28 in order to provide requested accommodations at the test site.

24.     Plaintiff has been damaged by Defendant and is experiencing ongoing violations of his civil rights.  The damages are ongoing, so Plaintiff will suffer irreparable harm unless Defendants are ordered to obey the requirements of the ADA to adopt policies and procedures that comport with the requirements of the ADA with respect to the provision of reasonable accommodations for people with disabilities.

25.     Plaintiff alleges that Defendant's discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.

26.     Plaintiff alleges there is a national public interest in requiring testing a certification services to be delivered and/or administered in an accessible manner. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of defendants.  Plaintiff desires and needs to obtain certification from Defendant in order to fulfill his obligations to his employer and continues to lose substantial income as a result of being denied reasonable accommodations on the test.

27.     Defendant will continue to deprive Plaintiff of his rights under law and will continue to force Plaintiff to incur losses indefinitely into the future if Defendant's behavior is not altered by this court. Even if Defendant re-certifies Plaintiff after this action is filed, Plaintiff will need a permanent change in Defendant's policies and procedures so he can be re-certified each two years going forward.

WHEREFORE, Plaintiff prays for relief against Defendant as set forth below.


**SECOND CLAIM**
**AGAINST DEFENDANTS**
**(Denial of Full and Equal Access in Violation of California Civil Code Sections 54 and 54.1)**

28.     Plaintiff re-pleads and incorporates herein by reference the allegations set forth above.

29.     Plaintiff alleges that Defendant has violated the ADA and that such violation is also a violation of the California Disabled Persons Act, sections 54 (c) and 54.1(d).

6

30.     Plaintiff is a disabled person or has a disability as defined by section 12926 of the California Government Code.

31.     Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the rights of an individual with a disability under sections 54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

32.     The violations of Plaintiff's rights under the ADA and California law that are alleged in this Complaint have resulted in the denial to Plaintiff of full and equal access to the goods and services offered there and have caused Plaintiff to suffer the damage and harms set forth and alleged in this Complaint.

33.     Defendant's delay, refusal and abject failure to provide Plaintiff with his requested accommodations and its unreasonable policy of requiring applicants with permanent life-long disabilities to go through unnecessary, costly and time-consuming steps to "re-verify" their life-long disability are intentional acts in violation of the ADA and Plaintiff's civil rights and therefore justify a trebling of actual damages.

WHEREFORE, Plaintiff pray for relief against Defendant as set forth below.

**THIRD CLAIM**
**AGAINST DEFENDANTS**
**(Violation of Section 51 of the California Civil Code)**

34.     Plaintiff re-pleads and incorporates herein by reference the allegations set forth above.

35.     At all times relevant to this action, section 51 of the California Civil Code has provided that physically disabled persons are not to be discriminated against because of their physical disabilities.  Based on the facts and allegations pled at Paragraphs 1 through 34 above and elsewhere in this Complaint, Plaintiff alleges that defendant has discriminated against Plaintiff and violated Plaintiff's rights under ADA Title III.

36.    California Civil Code section 51(b) provides, in pertinent part:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever

37.    Section 51(f) of the California Civil Code states that a violation of the ADA also constitutes a violation of California Civil Code section 51.

38.    Section 52(a) of the California Civil Code provides as follows:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

39.    Defendant's delay, refusal and abject failure to provide Plaintiff with his requested accommodations and its unreasonable policy of requiring applicants with permanent life-long disabilities to go through unnecessary, costly and time-consuming steps to "re-verify" their life-long disability are intentional acts in violation of the ADA and Plaintiff's civil rights and therefore justify a trebling of actual damages.

WHEREFORE, Plaintiff prays for relief against Defendants, jointly and severally, as set forth below.

## **PRAYER FOR RELIEF**

A.    For general and special damages pursuant to California Civil Code sections 52, 54.3, 3281 and 3333, and/or under common law as may be appropriate;

B.    For a trebling of actual damages to Plaintiff, but in no event less than $4,000 in damages pursuant to California Civil Code section 52 for each and every violation of California Civil Code section 51;

C.     In the alternative to the damages to Plaintiff pursuant to California Civil Code section 52 in Paragraph B above, for a trebling of actual damages, but in no event less than $1,000 in damages pursuant to California Civil Code section 54.3 for each and every violation of California Civil Code section 54.1 and/or California Civil Code section 54;

D.     For injunctive relief on behalf of Plaintiff pursuant to 42 U.S.C. section 12188 and section 52 of the California Civil Code.  Plaintiff does not seek an injunction under Civil Code section 55.  Plaintiff requests that this Court enjoin Defendants from continuing to do business prior to adopting fully-compliant written policies and procedures for considering and providing testing accommodations to persons with disabilities such as Plaintiff including appropriate training of its employees thereon.

E.     For attorneys' fees and costs pursuant to 42 U.S.C. §12188(a), California Civil Code §52; California Civil Code §54.3, California Code of Civil Procedure §1021.5; and

F.     For such other and further relief as the Court deems proper.


Date: June 23, 2020                              **DERBY, McGUINNESS & GOLDSMITH, LLP**


                                                 _/s/ Steven L. Derby_
                                                 By STEVEN L. DERBY, Esq.
                                                 Attorneys for Plaintiff
                                                 ELMER FLOYD KEMP




**DEMAND FOR JURY**

Plaintiff hereby demand a jury for all claims for which a jury is permitted.


Date: June 23, 2020                              DERBY, McGUINNESS & GOLDSMITH, LLP


                                                 _/s/ Steven L. Derby_
                                                 By STEVEN L. DERBY, Esq.
                                                 Attorneys for Plaintiff
                                                 ELMER FLOYD KEMP

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES